```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ROME DIVISION

IN RE: DUSTIN TYLER BABB,        {  CHAPTER 13
                                 {
                                 {  CASE NO. R24-40714-BEM
        DEBTOR                   {
                                 {  JUDGE ELLIS-MONRO
```

### CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION, MOTION TO DISMISS CASE WITH PREJUDICE AND NOTICE OF HEARING

COMES NOW, K. Edward Safir, Chapter 13 Trustee herein, and files herewith his Objection To Confirmation And Motion To Dismiss Case with Prejudice, and as grounds shows the Court as follows:

**PLEASE TAKE NOTICE THAT A DISMISSAL OF THIS CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTION 109(g) WILL MEAN THAT THE DEBTOR WILL NOT BE PERMITTED TO FILE ANOTHER CASE UNDER CHAPTER 13 FOR A PERIOD OF 180 DAYS FOLLOWING THE DATE UPON WHICH THIS CASE IS DISMISSED.**

**THE FAILURE OF THE DEBTOR TO APPEAR AT THE HEARING ON THIS MOTION TO DISMISS MAY BE CONSIDERED BY THE COURT AS EVIDENCE OF DEBTOR(S) WILLFUL FAILURE TO APPEAR BEFORE THE COURT IN PROPER PROSECUTION OF THE CASE WITHIN THE MEANING OF 11 U.S.C. SECTION 109(g) OF THE BANKRUPTCY CODE.**

### OBJECTIONS TO CONFIRMATION

1. The Debtor(s) Plan does not comply with the provisions of the Bankruptcy Code in that:

a) The Debtor's Chapter 13 Plan payments are delinquent in violation of 11 U.S.C. Section 1326.

b) The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d). (171 months).

c) As unsecured creditors may receive less than in a Chapter 7 liquidation, the plan may not conform to 11 U.S.C. Section 1325(a)(4).

```
K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
eds@atlch13tt.com
```

    d) Schedule I (Income) may fail to accurately reflect new employment since original Schedules filed. 11 U.S.C. § 1325.

    e) Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, thereby preventing the Trustee from evaluating feasibility, 11 U.S.C. Section 1325(a)(6).

    f) Pursuant to testimony at the 341 meeting, it appears that the Debtor no longer has a domestic support obligation.

    g) The Debtor has failed to provide the Trustee with a copy of the 2023 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor provide the Trustee with a sworn statement by the Debtor, in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

    h) The proposed Chapter 13 Plan fails to provide that the Debtor will supply the Trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return, and turn over to the Trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000.00, thereby preventing the contribution of all disposable income to this plan. 11 U.S.C. § 1325(b)(1).

    i) All prior bankruptcy cases of the Debtor, or pending related bankruptcy cases, may not have been disclosed; thereby, indicating a lack of good faith in proposing the instant repayment plan, possibly in violation of 11 U.S.C. Section 1325(a)(3).

    j) The proposed plan fails to provide for the treatment of Bridgecrest Credit. However, said creditor has filed a secured claim.

    k) The schedules provide that Upstart/Finwise has a secured claim; however, the Chapter 13 Plan fails to provide for said creditor(s) in violation of 11 U.S.C. § 1322.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
eds@atlch13tt.com

  l) The Chapter 13 Plan is not feasible as the sum of the equal monthly payments to creditors is greater than the monthly plan payment. 11 U.S.C. § 1325(a)(6).

  m) The Chapter 13 petition and schedules fail to disclose a 2016 Chevrolet Equinox, in violation of 11 U.S.C. § 521 and Fed. R. Bankr. P 1007(b).

  n) The payout of the claim owed to MRC-Wintrust will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

  o) The Debtor has filed two (2) previous bankruptcy case(s) to-wit: first case R23-40657-BEM filed May 3, 2023, dismissed September 22, 2023 and second case R23-41507-BEM filed October 10, 2023, dismissed January 29, 2024.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
eds@atlch13tt.com

## MOTION TO DISMISS CASE WITH PREJUDICE

1. Debtor's Chapter 13 Plan payments are delinquent in violation of 11 U.S.C. 1326. The failure to make payments and failure to contact the Chapter 13 Trustee or the Court with any reason why the payments have not been paid constitutes willful failure to come before the Court in proper prosecution in violation of 11 U.S.C. 109(g) and warrants a dismissal with prejudice. This behavior indicates that the Debtor filed a case that is not feasible thus the Debtor is unable to make a plan payment in violation of 11 U.S.C. 1325(a)(6) or the Debtor has the ability to make the payments and the failure to do so shows a deliberate act of bad faith.

2. The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d). (171 months).

3. As unsecured creditors may receive less than in a Chapter 7 liquidation, the plan may not conform to 11 U.S.C. Section 1325(a)(4).

4. Schedule I (Income) may fail to accurately reflect new employment since original Schedules filed. 11 U.S.C. § 1325.

5. Due to a change in circumstances since filing, Schedules I and J do not correctly reflect the current financial situation, thereby preventing the Trustee from evaluating feasibility, 11 U.S.C. Section 1325(a)(6).

6. Pursuant to testimony at the 341 meeting, it appears that the Debtor no longer has a domestic support obligation.

7. The Debtor has failed to provide the Trustee with a copy of the 2023 federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor provide the Trustee with a sworn statement by the Debtor, in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
eds@atlch13tt.com

8. The proposed Chapter 13 Plan fails to provide that the Debtor will supply the Trustee with a copy of each federal income tax return filed during the pendency of the case within 30 days of filing the return, and turn over to the Trustee, within 30 days of the receipt of any federal income tax refund during the applicable commitment period, the amount by which the total of all of the federal income tax refunds received for each year exceeds $2,000.00, thereby preventing the contribution of all disposable income to this plan.  11 U.S.C. § 1325(b)(1).

9. All prior bankruptcy cases of the Debtor, or pending related bankruptcy cases, may not have been disclosed; thereby, indicating a lack of good faith in proposing the instant repayment plan, possibly in violation of 11 U.S.C. Section 1325(a)(3).

10. The proposed plan fails to provide for the treatment of Bridgecrest Credit.  However, said creditor has filed a secured claim.

11. The schedules provide that Upstart/Finwise has a secured claim; however, the Chapter 13 Plan fails to provide for said creditor(s) in violation of 11 U.S.C. § 1322.

12. The Chapter 13 Plan is not feasible as the sum of the equal monthly payments to creditors is greater than the monthly plan payment. 11 U.S.C. § 1325(a)(6).

13. The Chapter 13 petition and schedules fail to disclose a 2016 Chevrolet Equinox, in violation of 11 U.S.C. § 521 and Fed. R. Bankr. P 1007(b).

14. The payout of the claim owed to MRC-Wintrust will extend beyond sixty (60) months, contrary to 11 U.S.C. § 1322(d).

15. The Debtor has filed two (2) recent Chapter 13 case(s), each of which was dismissed by the Court.  Said case(s) are as follows:

a)  Debtor's first case R23-40657-BEM filed May 3, 2023, dismissed September 22, 2023 and

b)  Debtor's second case R23-41507-BEM filed October 10, 2023, dismissed January 29, 2024.

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
eds@atlch13tt.com

The Debtor's conduct in this and the previous cases demonstrates that the Debtor has filed this case without any intention of properly prosecuting this case and has failed to appear before the Court in proper prosecution of this case within the meaning of 11 U.S.C. Section 109(g).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case pursuant to 11 U.S.C. Section 105(a) and Section 109(g), thereby rendering the Debtor ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days; or, in the alternative, convert this case to one under Chapter 7.

Respectfully submitted:

_____/s_____
K. Edward Safir, Attorney
Chapter 13 Trustee
GA Bar No. 622149

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
eds@atlch13tt.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

```
IN RE:  DUSTIN TYLER BABB,          {   CHAPTER 13
                                    {
                                    {   CASE NO. R24-40714-BEM
        DEBTOR                      {
                                    {   JUDGE ELLIS-MONRO
```

**NOTICE OF HEARING ON TRUSTEE'S MOTION TO DISMISS**

      PLEASE TAKE NOTICE that the Chapter 13 Trustee has filed a Notice of hearing on the Motion to Dismiss.

      **PLEASE TAKE FURTHER NOTICE** that the Court will hold the hearing at **9:30 a.m. on July 17, 2024**, in **Courtroom 342, United States Courthouse, 600 East First Street, Rome, GA 30161.**
, which may be attended in person or via the Court's Virtual Hearing Room.  You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the Judge's webpage, which can also be found on the Court's website.  Please also review the "Hearing Information" tab on the Judge's webpage for further information about the hearing.  You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise.  Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

      Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings or if you want the Court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, 600 East First Street, Room 339, Rome, GA 30161.  You must also mail a copy of your response to the undersigned at the address stated below.

      Respectfully submitted,

      _____/s/_____
K. Edward Safir, Attorney
Chapter 13 Trustee
GA Bar No. 622149


K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
eds@atlch13tt.com

R24-40714-BEM

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on this day I electronically filed the foregoing pleading using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

SAEGER & ASSOCIATES, LLC

      I further certify that on this day I caused a copy of this document to be served via first-class United States mail, postage prepaid, on the following parties at the address shown for each:

DUSTIN TYLER BABB
4580 HIGHWAY 52-A
CHATSWORTH, GA 30705-7718

This 13th day of June, 2024

Respectfully submitted,

 /s/_____
K. Edward Safir, Attorney
Chapter 13 Trustee
GA Bar No. 622149

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., Suite 1600
Atlanta, GA 30303
404-525-1110
eds@atlch13tt.com